UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA et al., | Case No. 13-cv-03835-JD |
|---|---|
| Plaintiffs, | |
| v. | **ORDER RE RECUSAL REQUEST** |
| TETRA TECH EC, INC. et al., | |
| Defendants. | |
| LINDA PARKER PENNINGTON et al., | Case No. 18-cv-05330-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC. et al., | |
| Defendants. | |
| BAYVIEW HUNTERS POINT RESIDENTS et al., | Case No. 19-cv-01417-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC. et al., | |
| Defendants. | |
| JENGJIA CHEN, | Case No. 19-cv-03955-JD |
| Plaintiff, | |
| v. | |
| TETRA TECH, INC. et al., | |
| Defendants. | |

| | |
|---|---|
| SAN FRANCISCO SHIPYARD RESIDENTS et al., <br><br>Plaintiffs, <br><br>v. <br><br>TETRA TECH EC, INC. et al., <br><br>Defendants. | Case No. 19-cv-06137-JD |

Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc. (together, "Tetra Tech") are parties in multiple lawsuits challenging their work under a federal contract to remediate environmental contamination at the Hunters Point Naval Shipyard ("HPNS") in San Francisco. Some of the cases are whistleblower actions under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* The other cases are actions by property owners who allege damages caused by contamination at or near their homes.

Several of the property owner lawsuits were originally filed in California state court. Tetra Tech removed those actions to this Court on the grounds, among others, that HPNS was a federal enclave. *See* Dkt. Nos. 1, 36 in Case No. 18-5330. Plaintiffs strongly objected to removal, and presented a number of factual and legal challenges to federal jurisdiction in support of their request for a remand. *See* Dkt. Nos. 13, 44. After carefully reviewing the parties' arguments and the large volume of supporting materials they filed, the Court determined that Tetra Tech properly removed on the basis of federal enclave jurisdiction. Consequently, the Court sustained removal and denied plaintiffs' motion to remand the cases to state court. Dkt. No. 57.

Tetra Tech now claims to see in the remand order a sign that the Court has "prejudged the evidence" and "already decided" that Tetra Tech fraudulently billed the government for work it didn't perform, as alleged in the whistleblower cases. Dkt. No. 116 in Case No. 13-3835. It points specifically, and only, to a single sentence in the order to the effect that the Navy has paid it substantial sums of money for work that "they did not do, as plaintiffs allege." *Id.* at 2. Tetra Tech also reaches back to a criminal sentencing hearing the Court held in May 2018 for a former employee who pleaded guilty to falsifying records in connection with the remediation work at HPNS. *Id.* at 3. Tetra Tech reads a handful of snippets from the sentencing colloquy as other

2

negative signs. In Tetra Tech's view, these items indicate that the Court has either completely pre-judged that Tetra Tech is liable under the FCA, or may be reasonably questioned as partial. It requests recusal under 28 U.S.C. § 455(a).

Motions under Section 455 are determined by the judge to whom the motion is directed. *See* 28 U.S.C. § 455(a); *see also Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017), *mandamus denied*, *In re: Ctr. for Med. Progress and Daleiden*, Dkt. No. 17, Case No. 17-73313 (9th Cir. Apr. 30, 2018); *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980) (Section 455 is "directed to the judge," "is self-enforcing on the part of the judge," and "includes no provision for referral of the question of recusal to another judge"). The standard for deciding recusal "is an objective one and asks 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). "The 'reasonable person' for this inquiry is not 'someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer.'" *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (quoting *Holland*, 519 F.3d at 913 (internal citations and quotations omitted). A Section 455 motion is also evaluated in light of the traditional principle that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quotation omitted).

No reasonable or thoughtful person would conclude that the Court has pre-judged the merits or lacks impartiality with respect to Tetra Tech's potential liability *vel non*. To start, Tetra Tech's interpretation of the sentence in the remand order is untenable. The sentence, which appears in a paragraph discussing the background of the litigation, simply summarized plaintiffs' allegations against Tetra Tech. The plain words in the sentence -- "as plaintiffs allege" -- makes this patently clear. A reasonable person, especially one familiar with the routine practice of summarizing the parties' allegations in judicial orders, would not read it in any other way. Tetra Tech's suggestion to the contrary borders on the frivolous.

So too for portions of the colloquy Tetra Tech cites from the sentencing hearing. There is no doubt that the Court engaged in a searching inquiry with the defendant and his counsel. That is because criminal sentences must be sufficient but not greater than necessary to meet the goals of imposing a just and fair punishment. 18 U.S.C. § 3553(a). To that end, the Court is required to consider "the nature and circumstances of the offense," among other factors, *id*. at § 3553(a)(1), and may examine any information, without limitation, about the defendant's conduct that is not otherwise prohibited by law. *See* 18 U.S.C. §3661; United States Sentencing Guidelines § 1B1.4 (Nov. 2018). This is a critical part of "the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.'" *Pepper v. United States*, 562 U.S. 476, 489 (2011) (quoting *United States v. Tucker,* 404 U.S. 443, 446 (1972)).

The Court's discussion at the sentencing of the former Tetra Tech employee was done under these governing standards, and was directed only to determining a just punishment for the individual before the Court. That individual, Justin E. Hubbard, had admitted in his plea agreement that, among other things, during 2012 he had illegally switched "clean" dirt (obtained from an area he knew to be "outside the relevant marked survey unit") with "dirt taken from survey units in the North Pier area of HPNS," all "in direct contravention of the relevant U.S. Navy testing protocols." Dkt. No. 8 in Case No. 17-cr-278. Based on these admitted facts, the Court probed defendant on the circumstances of his conduct and his role in the crime, because such facts were indisputably relevant to the determination of a just punishment. The Court expressly made clear that it was not "doing any fact-finding," Dkt. No. 116 at 9:10, and the colloquy was not directed to the claims raised in the FCA or other cases against Tetra Tech, or any potential liability on its part. The inquiry about what retesting expenses, if any, Tetra Tech might cover, was in response to defendant Hubbard's assertion that his crime has "been rectified financially." Dkt. No. 116 at 18:2-4. Nowhere did the Court state, or even suggest, that Tetra Tech should cover any of that expense because of any wrongdoing on its part. No reasonable and well-informed person would conclude otherwise.

A good argument can also be made that Tetra Tech failed to act in a timely manner in connection with the sentencing proceedings. *See Preston v. United States*, 923 F.2d 731, 732-33 (9th Cir. 1991) (it is "well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] . . . § 455 must be made in a timely fashion"; "absence of such a requirement would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes") (internal citations omitted). The sentencing took place in May 2018, and the transcript has been publicly available on the ECF docket since April 30, 2019. Dkt. No. 29. Tetra Tech does not say why it waited so long to act on its suspicions.

Consequently, recusal is unwarranted and inappropriate. Tetra Tech has not presented a "legitimate reason to recuse," and the Court consequently has a "duty to sit." *Clemens*, 428 F.3d at 1179. The merits of the claims alleged by the plaintiffs remain wide open and disputed, and a date for a jury trial will be set at the upcoming case management conference.

**IT IS SO ORDERED.**

Dated: October 25, 2019

JAMES DONATO
United States District Judge