# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al., | CASE NO. 3:18-cv-05330-JD |
| Plaintiffs, | **CLASS ACTION** |
| v. | [PROPOSED] JUDGMENT |
| TETRA TECH, INC., et al., | |
| Defendants. | |
| This Document Relates To: | |
| LENNAR AND FIVE POINT DEFENDANTS. | |

For purposes of this Final Judgment, defined terms shall have the definition set forth in the Settlement Agreement attached as Exhibit A to the declaration of Anne Marie Murphy, unless otherwise specifically defined; *See* ECF 200-1 at Exhibit A ("Settlement Agreement").

On March 28, 2022, the Court signed and entered its Order granting Plaintiffs' Motion for Final Approval of Class Settlement with the Lennar and Five Point Defendants and granting the Lennar and Five Point Defendants' Motion for Good Faith Settlement Determination (referred to herein, as the "Final Approval Order"). *See* ECF 224 at 1, 10 (Final Approval Order); *see also* ECF 200 (Motion for Final Approval of Class Settlement) and ECF 201 (Joint Motion for Good Faith Settlement Determination). In the Final Approval Order, the Court granted Named Plaintiffs' Motion for Attorneys' Fees and Costs. *See* ECF 224 at 10; *see also* ECF 175 (Motion for Fees and Costs). The Final Approval Order applies to:

> "All individuals or entities who purchased or obtained title to one or more units at Parcel A between 2014 and the date on which the Settlement Agreement was executed by all parties.
>
> Excluded from the class are defendants, their affiliates and subsidiaries, and their officers, directors, partners, employees, and agents; class counsel, employees of class counsel's firms, and class counsel's immediate family members; defense counsel, their employees, and their immediate family members; and any judicial officer who considers or renders a decision or ruling in this case, their staff, and their immediate family members."

ECF 244 at 7.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rules of Civil Procedure 54(a) and (b), as to the Settlement Class, the Named Plaintiffs, and the Lennar and Five Point Defendants on the terms and conditions of the Settlement Agreement approved by the Final Approval Order.

1. The Court confirms the appointment of Linda Parker Pennington as class representative.

2. The Court confirms the appointment of Class Counsel.

3. The Settlement Agreement is approved as being fair, reasonable, and adequate as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

4. Payments to the Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

1      5.     The parties' notice plan was provided in the best practicable manner to Settlement Class Members who will be bound by the proposal.

       6.     Within fifteen (15) days of entry of this Final Judgment, the Releasing Parties and their representatives, agents, heirs, guardians, executors, administrators, trustees, beneficiaries, successors, and assigns, as well as any other person or entity purporting to claim on their behalf, shall dismiss with prejudice all claims and causes of action against the Released Parties in the Parcel A Action.

       7.     Upon entry of this Final Judgment, the Releasing Parties release the Released Parties from and against any and all Released Claims, specifically, all claims, causes of action, omissions, representations, obligations, demands, injuries, damages, losses, diminution in value, liabilities, costs, expenses, and fees (including, without limitation, attorneys' fees, costs and expenses), known or unknown, suspected or unsuspected, alleged or unalleged, asserted or unasserted, including without limitation any and all representation or omission, property damage, diminution in property value, and personal injury claims, arising out of or in any way relating to the transactions or matters asserted or alleged, or which could have been asserted or alleged, accrued or unaccrued, in connection with the Parcel A Action.

       8.     As of the Effective Date of Settlement, each of the Releasing Parties hereby waives any and all rights and benefits arising out of the Released Claims and facts alleged in the Parcel A Action by virtue of the provisions of California Civil Code § 1542, or any other provision in the law of the United States, or any state or territory of the United States, or principle of common law or equity that is similar, comparable or equivalent to Civil Code § 1542, with respect to this Release. Civil Code § 1542 provides that: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

       9.     As of the Effective Date of Settlement, the Releasing Parties fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may later exist, or heretofore have existed regarding

the subject matter of the Released Claims, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

10. The class settlement between Plaintiffs and the Lennar and Five Point Defendants is a good faith settlement pursuant to California Code of Civil Procedure Section 877. The objections to the settlement by defendants Tetra Tech, Inc. and Tetra Tech EC, Inc. have been overruled. The Lennar and Five Point Defendants are discharged from all liability for any contribution to any other alleged tortfeasors claimed to be liable for the injuries Plaintiffs allege in this action, and any other joint tortfeasor or co-obliger with regard to Plaintiffs and the subject matter of their claims in this action is barred from any further claims against the Lennar and Five Point Defendants for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

11. The Settlement Agreement does not release Tetra Tech, Inc. or Tetra Tech EC, Inc. or any of its subsidiaries, successors, assigns, or current or former employees, officers or directors.

12. Rule 54(b) of the Federal Rules of Civil Procedure provides that when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. This judgment addresses legal and factual issues—the approval of a class settlement with the Lennar and Five Point Defendants and the determination of whether that settlement was made in good faith under California Code of Civil Procedure Section 877—that are unique to those defendants. The approval of this settlement and good faith determination are separate and distinct from the claims and defenses that remain in the case with respect to defendants Tetra Tech, Inc. and Tetra Tech EC, Inc. Without entry of this partial, Final Judgment, distribution of settlement funds to Settlement Class Members will be delayed needlessly. This Court concludes that its Order Granting Final Approval of Class Settlement with Lennar and Five Point Defendants is final, no appellate court will be required to address the issues resolved by that order or this judgment in any subsequent appeal from the remaining claims against Tetra Tech, Inc. and Tetra Tech EC, Inc., there is no just reason for delaying the entry of final judgment with respect to Lennar and Five Point Defendants, and that this partial, Final Judgment should be so entered.

13.     For the reasons stated herein, and in the Court's Final Approval Order, dated March 28, 2022, it is hereby ordered, adjudged and decreed that this action, *Pennington et al. v. Tetra Tech, Inc. et al.*, Case No. 3:18-cv-05330-JD in the United States District Court for the Northern District of California, is settled and dismissed on the merits with prejudice as to the Lennar and Five Point Defendants.

**JUDGMENT APPROVED AS TO FORM:**

Dated: May 17, 2022

_____
The Honorable James Donato
United States District Judge

**JUDGMENT ENTERED:** May 17, 2022

~~By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA~~