UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al., | Case No. 18-cv-05330-JD |
| Plaintiffs, | |
| v. | **OMNIBUS ORDER RE DISCOVERY DISPUTES** |
| TETRA TECH EC, INC., et al., | |
| Defendants. | |
| BAYVIEW HUNTERS POINT RESIDENTS, et al., | Case No. 19-cv-01417-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC., et al., | |
| Defendants. | |
| FIVE POINT HOLDINGS, LLC, et al., | Case No. 20-cv-01480-JD |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |
| FIVE POINT HOLDINGS, LLC, et al., | Case No. 20-cv-01481-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH, INC., et al., | |
| Defendants. | |

United States District Court
Northern District of California

| | |
|---|---|
| CPHP DEVELOPMENT, LLC, et al., | Case No. 20-cv-01485-JD |
| Plaintiffs, | |
| v. | |
| TETRA TECH EC, INC. et al., | |
| Defendants. | |
| UNITED STATES ex rel. JAHR et al., | Case No. 13-cv-03835-JD |
| Plaintiff, | |
| v. | |
| TETRA TECH EC, INC. et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties are generally permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"On motion or on its own, the [C]ourt must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

With these and other relevant principles in mind, the Court resolves the parties' pending discovery disputes in these related cases as follows.

## I.    DEPOSITION OF TINA ROLFE

The Side One parties' request to reconvene the deposition of Tina Rolfe for an additional two hours is denied. *See* Joint Statement Summarizing Live Discovery Disputes, Case No. 20-1481, Dkt. No. 243 (Statement) at 5-9. Reviewing the record on this dispute as a whole, Rolfe and

United States District Court
Northern District of California

Tetra Tech have adequately established that they had a common interest.  *See United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012).  The common interest doctrine does not require a complete unity of interests.  *See id.* at 980.  Side One's speculation that Rolfe did not testify truthfully at her deposition, Statement at 5-6, is not a basis for re-opening it.  The Side One parties are perfectly free to cross-examine and attempt to impeach Rolfe at trial.  Tina Rolfe's extensive health issues further support the denial of Side One's request.  *See* Fed. R. Civ. P. 23(c)(1).

**II.    DOCUMENTS CLAWED BACK DURING DEPOSITION OF GEORGE CHIU**

For the documents clawed back by Tetra Tech during and after the deposition of witness George Chiu, the Side One parties ask that the Court "overrule the claw back request and order that all of the documents improperly clawed back be reproduced and that Mr. Chiu's deposition be continued for two hours so that he can be questioned about the documents clawed back in the deposition."  Statement at 10.  The request is denied.  Tetra Tech's submissions, including the documents submitted for *in camera* review, adequately support its assertions of protection from disclosure under the work product doctrine and attorney-client privilege.  Further production and additional deposition time as requested by the Side One parties are not warranted under Rule 26(b).

**III.   DEPOSITION OF DAN L. BATRACK**

The Side One parties' request to compel the deposition of Dan Batrack, Tetra Tech EC's Vice President and Tetra Tech Inc's CEO and President, is granted.  Statement at 11-14.  The Side One parties have proffered evidence indicating that Batrack was personally involved in the facts at issue and is consequently likely to have first-hand knowledge.  *See* Case No. 20-1481, Dkt. No. 202.  Tetra Tech acknowledges Batrack's deposition would be proper if he has "unique, first-hand, nonrepetitive knowledge of TtEC's work at Hunters Point."  Statement at 13.  The parties are directed to schedule the deposition promptly.

**IV.   AMENDED INTERROGATORIES RE ROLFE AND HUBBARD**

Five Point, CP, and the Bayview plaintiffs ask that Tetra Tech be compelled to respond to interrogatories that "seek to clarify Tetra Tech's apparent change in position on the fraudulent conduct of its former employees, and to establish the underlying facts of fraud known by Tetra

3

Tech." Statement at 14-15. This is needed, the Side One parties say, because "Tetra Tech has gone from publicly acknowledging the fraud of Mr. Justin Hubbard and Mr. Stephen Rolfe, to stating that Tetra Tech does not intend to contend that Mr. Hubbard and Mr. Rolfe engaged in fraudulent conduct at trial." *Id.* The request is denied. There is no need to "clarify" Tetra Tech's change in position, and the Side One parties have had other opportunities to discover the "underlying facts of fraud known by Tetra Tech." *Id.*; Fed. R. Civ. P. 26(b).

## V.      TETRA TECH'S DATABASE OF ENVIRONMENTAL INFORMATION RE WORK AT HUNTERS POINT

Five Point, CP, and Lennar state that "Tetra Tech did not produce its complete database or all of its raw data." Statement at 16. Tetra Tech says that "[a]ll radiological data have been produced" as ordered by the Court. *Id.* at 17. This is a classic "he said--she said" dispute that the Court has no way of resolving short of a wasteful and time-consuming inquiry. The Side One parties' request for the "temporary use of a Tetra Tech computer and login credentials," *id.*, is denied. Tetra Tech is barred from utilizing at trial any evidence that it did not produce, and any failures to produce that come to light will draw sanctions under the Federal Rules of Civil Procedure, up to and including case-terminating sanctions, in addition to professional conduct sanctions against the responsible lawyers. *See* Fed. R. Civ. P. 37.

## VI.     RELATORS' REQUEST FOR DISCOVERY FOR FAIRNESS HEARING

The relators' request for an order permitting discovery for the fairness hearing on the settlement between the United States and Tetra Tech EC, Inc., is denied. Statement at 19. The False Claims Act (FCA) does not contemplate such discovery, and the fairness hearing has now been held. *See* Case No. 13-3835, Dkt. No. 480. The Court will address the fairness and allocation issues under the FCA by separate order.

## VII.    DEPOSITION OF STEPHEN ROLFE

The Side One parties request that the Court "overrule all of the privilege objections and instructions not to answer questions" that were made at the deposition of Stephen Rolfe, and require Rolfe to "submit to further questioning, unimpeded by these improper objections and

United States District Court
Northern District of California

instructions." Statement at 21. The request is denied pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

## VIII.    RULE 30(B)(6) TESTIMONY OF FIVE POINT DESIGNEE EMILE HADDAD

Five Point's request to reconvene the deposition of its own Rule 30(b)(6) witness, Emile Haddad, is denied. Statement at 23-24.

## IX.    ORIGINAL CHAIN OF CUSTODY DOCUMENTS

For the chain of custody documents, Five Point and CP Development Co. state that "Tetra Tech has failed to produce for inspection original chain of custody forms," and "Tetra Tech and the United States apparently misled this Court and Five Point as to the location of the originals." Statement at 25 (emphasis omitted). Five Point and CP did not make specific requests for action on this issue, *see id*. at 26 (requesting that the Court "take any action it deems appropriate given the foregoing circumstances, including ordering compliance with its prior order that the original chain of custody documents be produced immediately"), and the United States offered to "work with Five Point to conduct a limited inspection of samples" of the documents the United States has in storage at Hunters Point. The Court directs the parties to do so. They may update the Court as warranted.

## X.    TETRA TECH BOARD MATERIALS

Five Point and CP request that the Court compel the production of the Board-related materials they requested from Tetra Tech, because it "defies logic" that Tetra Tech, Inc. would have as few responsive documents as they have purported to have. Statement at 28-29. Tetra Tech, Inc. represents that it "has produced all relevant, non-privileged documents responsive to the RFP." *Id*. at 29. Tetra Tech will be held to this representation. The request to compel is denied.

## XI.    REQUESTS FOR PRODUCTION OF DOCUMENTS RE INSURANCE POLICIES

Five Point states that it seeks to "understand if Tetra Tech has insurance which may be liable to satisfy all or part of a possible judgment in this case," and Tetra Tech represents that it has produced "all policies under which an insurer may be liable to satisfy all or part of a possible Five Point judgment," as well as "all communications with their insurers that relate to any policies under which an insurer may be liable to satisfy all or part of a possible judgment." Statement at

30-31.  The request to compel is denied, based on Tetra Tech's representations of what it has produced and its commitment to "continue[] to . . . supplement[]" those productions.  *Id*. at 31.

## XII.    PRIVILEGE ASSERTIONS AT 30(B)(6) DEPOSITIONS

The Side One parties ask that the Court "overrule Tetra Tech's highly improper privilege objections [made at its 30(b)(6) depositions] and order its corporate witnesses to answer questions about the basis for denying their fraudulent conduct; alternatively, the Court should preclude Tetra Tech from offering at trial any evidence of, or argument that, it has facts to refute any of these allegations."  Statement at 32-33.  Reopening the 30(b)(6) depositions is not warranted.  The evidence exclusion request may be raised again in a motion in limine before trial.

## XIII.   TETRA TECH'S INTERROGATORY RESPONSES

The parties dispute how the "25 permissible interrogatories allowed per 'party' under Rule 33(a)(1)" should be counted for Five Point and CP Development Co.  Statement at 35-37.  Five Point and CP assert that they are "different parties who enjoy individual entitlements under the applicable rules"; Tetra Tech contends that the two entities must be "treated as one party for the purpose of issuing interrogatories."  *Id*. at 36.  Although some representative topics of the interrogatories are mentioned in passing, this is a procedural spat rather than a substantive dispute.  *See id*. ("Five Point respectfully asserts that Tetra Tech should . . . be required to play by their own rules").  Five Point has failed to establish good cause for mandating this additional discovery at this stage of the case.  The request to compel is denied.

## XIV.   UNITED STATES' INTERROGATORY RESPONSES

This is the same dispute as above, except it is with the United States and not Tetra Tech.  *See* Statement at 37-39, *and compare with id*. at 35-37.  The request to compel further responses from the United States is denied for the same reasons as for Tetra Tech.

## XV.    DOCUMENT CLAWED BACK DURING ANDY BOLT DEPOSITION

At the deposition of Andy Bolt, President of TTEC, Five Point sought to introduce a 2019 email from Bolt "to two non-attorney employees," which Tetra Tech then clawed back, claiming the email "was protected by attorney-client and work-product privilege."  Statement at 40.  Five Point asks that the Court "order Tetra Tech to produce the clawed-back email and any documents

sent in response to it, and permit the re-examination of Andy Bolt." *Id*. at 41.  Tetra Tech states

that the document was "related to the preparation of Tetra Tech's legal defenses, conducted at the

direction of Tetra Tech's then-outside counsel, Hanson Bridgett, following the United States'

intervention in the *qui tam* lawsuit in January 2019." *Id*. at 41.  Tetra Tech explains further that

the email was part of "[w]ork undertaken for" the preparation of Tetra Tech's legal defenses to

claims brought against it by the United States, which was "done at the instruction of counsel." *Id*.

The work product doctrine protects from disclosure documents created by investigators

and other agents for attorneys, provided the documents were created in anticipation of litigation.

*In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 907 (9th

Cir. 2004).  Tetra Tech's representations are sufficient to bring the document in question within

the ambit of the work product doctrine.  Five Point's request to compel production and re-open the

deposition is denied.

## XVI.  DOCUMENTS WITHHELD BY FIVE POINT PER CONSULTING AGREEMENT

For documents authored by or evidencing communications with Five Point's

environmental consultant, Geosyntec Consultants, Inc., Five Point represents that the consultant

agreement "contains extensive and substantive legal strategy in outlining the work that counsel for

Five Point directed Geosyntec to undertake, including work product prepared in anticipation of

litigation."  Statement at 42-43.  Five Point further asserts that "[a]ttorney client communications

and documents prepared pursuant to, or under, the consulting agreement are properly withheld as

privileged and logged."  *Id*. at 43.

As the Court noted for the preceding dispute, the work product doctrine protects from

disclosure documents created by investigators and other agents for attorneys, provided the

documents were created in anticipation of litigation.  *Mark Torf*, 357 F.3d at 907.  Five Point's

representations are sufficient to bring the documents in question within the ambit of the work

product doctrine.  Tetra Tech's request to compel is denied.

## XVII.  FIVE POINT'S EVIDENCE RE DAMAGES CLAIM (TETRA TECH)

Tetra Tech's request to compel Five Point's additional interrogatory responses relating to

its damages claim in advance of the expert disclosure deadline, *see* Statement at 44, is denied as

United States District Court
Northern District of California

1    moot.  The parties have disclosed their experts, conducted expert discovery, and filed Rule 702

2    motions for experts they wished to challenge.  The Court will resolve those Rule 702 motions in

3    due course, and in the absence of summary judgment, the adequacy of Five Point's damages

4    evidence may be tested at trial.

5    **XVIII. FIVE POINT'S EVIDENCE RE DAMAGES CLAIM (UNITED STATES)**

6         The United States' request for additional interrogatory responses relating to Five Point's

7    damages claim, *see* Statement at 46-47, is denied for the same reasons that Tetra Tech's identical

8    request was denied immediately above.

9    **XIX.    FIVE POINT'S RESPONSE TO INTERROGATORY NO. 18**

10        For Tetra Tech's request that Five Point be compelled to "identify the individuals and

11   entities with which Five Point alleges to have had an 'existing and prospective economic

12   relationship,'" Five Point states that it has responded, and that it is overly burdensome to require

13   Five Point to identify each and every "person or entity with whom Five Point had a relationship

14   that was impacted by Tetra Tech's wrongdoing and fraud at the Hunters Point Naval Shipyard."

15   Statement at 47-48.  Five Point represents that it has identified, for example, "the City of San

16   Francisco, the City of San Francisco Office of Community Investment and Infrastructure, BCCI

17   Construction, DeSilva Gates Construction, Lennar, other parties to the Disposition and

18   Development Agreement for the Hunters Point Naval Shipyard, as well as prospective land

19   purchasers, contractors, architects, engineers, and future investors of the TIF and CFD bonds." *Id.*

20   at 48.  This response is sufficient.  The request to compel a further response is denied.

21   **XX.    LENNAR'S EVIDENCE RE DAMAGES CLAIM**

22        Tetra Tech's request for "the facts on which Lennar's damages expert presumably will

23   base their opinions," Statement at 48-49, is denied as moot.

24   **XXI.    DEPOSITIONS OF U.S. COUNSEL AND INVESTIGATORS**

25        For the Developers' deposition notices to former AUSA Philip Kearney, former DCIS

26   Investigator George Wright, and former NRC Investigator Jerome Bigoness, the United States'

27   request for a protective order is granted.  Five Point states that it needs these depositions because

28   at his recent deposition, Stephen Rolfe "disavowed sworn statements reflected in his plea

agreement and EPA investigative report." Statement at 51. But Five Point does not need the "eyewitness accounts of the United States' process for ensuring such statements made by Mr. Rolfe were timely and accurately recorded consistent with the government's fact-finding protocols." *Id.* at 52. Five Point and Lennar already have Rolfe's sworn statements. In addition, the Court accepted Rolfe's plea as knowing and voluntary, after conducting a voir dire of Rolfe in open court, under oath, and on the record. The depositions are not necessary and will not be taken.

## XXII.  REQUESTS FOR ADMISSIONS TO AUTHENTICATE DOCUMENTS

Tetra Tech and the United States need not answer the 3,783 RFAs served by Five Point directed to the authenticity of documents. *See* Statement at 53-55. Tetra Tech and the United States "agree that resolution of authentication at the appropriate time . . . is in the interest of all parties and the Court." *Id.* at 54. The Court expects the parties will work out all authentication issues in advance of trial.

## XXIII. RULE 37 MOTION REQUESTING SANCTIONS FOR NONAPPEARANCE

By a separate, noticed motion, Tetra Tech and the United States sought evidentiary and monetary sanctions against Five Point and CP for (1) CP's failure to appear at its 30(b)(6) deposition, and (2) Five Point's 30(b)(6) witnesses' refusal to "testify to their own knowledge of CP Dev. Co. or to events preceding May 2016." Statement at 56; Case No. 20-1481, Dkt. No. 223.

The motion is denied. On this record, sanctions under Rule 37(d) are not warranted. Tetra Tech and the United States issued a deposition notice calling for the "oral examination of Plaintiffs Five Point Holdings, LLC ('Five Point') and CP Development Co., LLC ('CP Development') through one or more of their designees on the topics listed below." Case No. 20-1481, Dkt. No. 223-2 at 3. The notice defined "FIVE POINT" to mean "Five Point Holdings, LLC, CP Development Co., LLC, Five Point Operating Company, LP, The Shipyard Communities, LLC, and CP Development Co., L.P." *Id.* As Tetra Tech and the United States acknowledge, three 30(b)(6) witnesses appeared as noticed "to testify on behalf of Five Point Holdings." Case No. 20-1481, Dkt. No. 223 at 5. On the whole, Tetra Tech and the United States

United States District Court
Northern District of California

have not established that there was a sanctionable failure to appear by a party at its own

deposition.  *See* Fed. R. Civ. P. 37(d).

## XXIV. RULE 37 MOTION REQUESTING SANCTIONS FOR NONAPPEARANCE

By another standalone motion, Tetra Tech and the United States sought evidence

preclusion and adverse inference sanctions because Five Point and CP refused to produce or

provide alternative dates for four fact witnesses who are alleged to have been managing agents.

*See* Statement at 58-60; Case No. 20-1481, Dkt. No. 224.  That motion too is denied.  It is

undisputed that all four of the witnesses at issue were not employed by Five Point at the time of

the deposition notices.  Three witnesses were former employees, and one witness was an outside

counsel.  *See* Case No. 20-1481, Dkt. No. 230 at 9-10; Case No. 20-1481, Dkt. No. 241.  Tetra

Tech and the United States have not established that sanctions are appropriate or warranted under

Federal Rule of Civil Procedure 37(d).

## XXV.  NEW DISPUTES POST-DATING PARTIES' JOINT STATEMENT

The United States has requested an order for the destruction of the inadvertently-produced

presentence reports (PSRs) for Justin Hubbard and Steven Rolfe.  Case No. 13-3835, Dkt.

No. 459.  The request is granted.  As stated in Criminal Local Rule 32-7, "[a] presentence report,

probation, supervised release report, violation report and related documents to be offered in a

sentencing or violation hearing are confidential records of the Court.  Except as otherwise required

by Fed. R. Crim. P. 26.2, authorized by statute, federal rule or regulation or unless expressly

authorized by order of the Court, such records shall be disclosed only to the Court, court

personnel, the defendant, defense counsel and the attorney for the government in connection with

sentencing, violation hearings, appeal or collateral review."  All parties and document vendors are

ordered to take all actions required by the 502(d) Order, Case No. 20-1485, Dkt. No. 111,

including destroying any copies of the Hubbard and Rolfe PSRs and confirming in writing to the

United States that the documents have been destroyed; destroying any documents containing notes

or information about the contents of these documents; and, to the extent these documents or

information about their contents were disclosed or disseminated, taking reasonable steps to

United States District Court
Northern District of California

retrieve the documents and notifying the United States of the disclosure and efforts to retrieve the documents or information.

The additional letters that were filed all go to various expert discovery issues. *See* Case No. 20-1480, Dkt. Nos. 209, 213; Case No. 20-1481, Dkt. Nos. 262, 263, 264. Those issues will be taken up as warranted, in conjunction with the parties' pending Rule 702 motions. The requests are administratively terminated in the interim. Discovery is closed and no additional disputes will be entertained.

**IT IS SO ORDERED.**

Dated: May 7, 2025

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

11