UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH EC, INC., et al.,<br><br>Defendants. | Case No. 18-cv-05330-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

In this long-running consolidated action, plaintiffs are current and former homeowners who purchased a home in Parcel A of the former Hunters Point Naval Shipyard (HPNS). Plaintiffs say their home values were diminished because of the "continuing toxic nature of the Superfund and former nuclear testing site upon and near Plaintiffs' homes." Dkt. No. 157 (third amended complaint (TAC)) ¶ 2.

Plaintiffs named two groups of defendants in the TAC: (1) the Tetra Tech defendants, namely Tetra Tech, Inc., Tetra Tech EC, Inc., William Dougherty, and Andrew Bolt (together, Tetra Tech), and (2) the Lennar and Five Point defendants, namely Lennar Corporation, HPS1 Block 50 LLC, HPS1 Block 51 LLC, HPS1 Block 52 LLC, HPS1 Block 53 LLC, HPS1 Block 54 LLC, HPS1 Block 56/57 LLC, Five Point Holdings, Inc., HPS Development Co., L.P., and Emile Haddad. *Id*. ¶¶ 120-28. Plaintiffs settled with the Lennar and Five Point defendants on a classwide basis, and these parties are no longer in the case. *See* Dkt. Nos. 224, 231. Only the Tetra Tech parties remain. The pending claims are: permanent public and private nuisance (first and second claims); negligence (fifth claim); and negligent and intentional misrepresentation (sixth and seventh claims).[1] TAC ¶¶ 228-342. Plaintiffs' motion for class certification was

---

[1] Plaintiffs' third and fourth claims under California's Unfair Competition Law and False Advertising Law were previously dismissed. *See* Dkt. No. 307; Dkt. No. 337 at 3 n.2.

United States District Court<br>Northern District of California

denied, *see* Dkt. No. 337, and so they are proceeding against the Tetra Tech defendants on a non-class basis.

Tetra Tech asks for summary judgment under Federal Rule of Civil Procedure 56 on all claims against them.  Dkt. Nos. 396, 402.  The parties' familiarity with the facts is assumed, and summary judgment is granted in favor of Tetra Tech.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"The party moving for summary judgment always bears the initial burden of demonstrating the absence of a genuine issue of material fact."  *Schmid v. Cnty. of Sonoma*, No. 19-cv-00883-JD, 2021 WL 1118077, at *2 (N.D. Cal. Mar. 24, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *aff'd*, No. 21-15722, 2022 WL 1638198 (9th Cir. May 24, 2022).  When the moving party bears the burden of proof at trial, it must "come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation omitted).  "When the moving party does not bear the ultimate burden of proof, it can meet its initial burden on summary judgment by 'showing -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.'"  *Schmid*, 2021 WL 1118077, at *2 (internal quotation marks omitted) (quoting *Celotex*, 477 U.S. at 325).  "It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial."  *Abdul-Haqq v. Permanente Med. Grp., Inc.*, No. 19-cv-03727-JD, 2022 WL 7127947, at *1 (N.D. Cal. Oct. 12, 2022) (citing *Celotex*, 477 U.S. at 323-24), *aff'd*, No. 22-16684, 2024 WL 1155449 (9th Cir. Mar. 18, 2024).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it could affect the outcome of the suit under the governing law.  *Id.* at 248-49.  To determine whether there is a genuine dispute of material fact, a court must view the evidence in

United States District Court
Northern District of California

2

the light most favorable to the non-moving party, drawing all justifiable inferences in its favor. *Id.* at 255. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). "It is not the Court's responsibility to root through the record to establish the absence of factual disputes, or to look for evidence on the nonmoving parties' behalf." *CZ Servs., Inc. v. Express Scripts Hldg. Co.*, No. 18-cv-04217-JD, 2020 WL 4368212, at *3 (N.D. Cal. July 30, 2020) (internal quotations and citations omitted).

Tetra Tech, as the "moving party without the ultimate burden of persuasion at trial," still bears at all times "the ultimate burden of persuasion" on its motion for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "The burden of asserting and supporting a defense of preemption rest[s] on" the party asserting it. *United States v. Skinna*, 931 F.2d 530, 533 (9th Cir. 1990).

**DISCUSSION**

**I.    THE PRICE-ANDERSON ACT**

Tetra Tech seeks summary judgment under the Price-Anderson Act, 42 U.S.C. § 2014(hh) (PAA). The PAA "was designed to safeguard the nuclear industry from expansive liability under state law," and preempts state law claims in favor of a cause of action under the federal statute. *Dumontier v. Schlumberger Tech. Corp.*, 543 F.3d 567, 570 (9th Cir. 2008) (internal citation omitted). Tetra Tech says that plaintiffs' state law claims are preempted and that it is entitled to summary judgment as a matter of law under the PAA. *See* Dkt. No. 396 at 4-8.

A good question can be asked why Tetra Tech did not mention the PAA until this late stage of litigation. The case has been hard-fought for several years now, as the 400 separate filings on the ECF docket attest to. To be sure, not all of this activity was focused on the claims of plaintiffs here, but a considerable amount of the parties' time and money might have been saved if Tetra Tech had raised the legal defense of the PAA much earlier in this case. So too for the Court's judicial resources. The Court was asked to invest substantial time and attention to countless discovery disputes in this case, and to decide proceedings such as a class certification motion that likely would have been unnecessary if Tetra Tech had been more prompt in raising the

United States District Court
Northern District of California

PAA as a defense. It would also have provided finality to plaintiffs' claims several years ago, which may not have been the result they hoped for but at least would have closed the door on uncertainty and stopped an ongoing tax of attention and worry imposed on the homeowners.

Why Tetra Tech was asleep at the switch for so long is not explained in its papers. This is not a reason to deny summary judgment, as will be discussed later, but it calls into question the advocacy presented by Tetra Tech and its attorneys.

### A.     The PAA and the TAC

As alluded to, the PAA is "the federal statute governing nuclear accidents," and it was "amended in 1988 to provide exclusive federal jurisdiction over all claims arising from a nuclear incident, otherwise known as public liability actions." *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 995-97 (9th Cir. 2008). The PAA allows plaintiffs to sue private parties, and "[w]hile Congress wanted to ensure that victims of nuclear incidents recovered compensation, it also included government indemnification provisions in the PAA to give private parties an incentive to participate in the nuclear industry." *Id*.

The statute defines a "nuclear incident" as "any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." 42 U.S.C. § 2014(q).[2] "The term 'public liability' means any legal liability arising out of or resulting from a nuclear incident," *id*. § 2014(w), and "any suit asserting public liability" is a "public liability action." *Id*. § 2014(ii).

The statute provides that "[w]ith respect to any public liability action arising out of resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy." *Id.* § 2210(n)(2). In addition, a public liability action is

---

[2] "Source material" means "(1) uranium, thorium, or any other material which is determined by the [Atomic Energy] Commission . . . to be source material; or (2) ores containing one or more of the foregoing materials, in such concentration as the Commission may by regulation determine from time to time." 42 U.S.C. § 2014(z).

4

"deemed to be an action arising under section 2210," and "the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of such section." *Id*. § 2014(ii).

The salient question is whether plaintiffs' claims under California state law for nuisance, negligence, and fraud in the TAC come within the purview of the PAA. To ask the question in the language of the statute, is plaintiffs' case a "public liability action" that asserts "legal liability arising out of or resulting from a nuclear incident" against Tetra Tech?

The undisputed record answers "yes." The TAC alleges that defendants "are all responsible for the loss of value in Plaintiffs' homes due to the continuing toxic nature of the Superfund and former nuclear testing site upon and near Plaintiffs' homes, and the ensuing health and other issues that waste has caused, is causing, and will continue to cause until it is remediated (to the extent such remediation is possible)." Dkt. No. 157 ¶ 2. Consequently, the core of plaintiffs' case is harm said to have arisen "out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material," *i.e.*, a "nuclear incident." 42 U.S.C. § 2014(q).

This is the essence of a "public liability action." *Id*. § 2014(ii). As our District has aptly stated in another case, "[c]ourts have construed the phrase 'nuclear incident' broadly, finding public liability actions regardless of the size of the occurrence or whether the incident involves atomic energy." *Lawson v. General Electric Co.*, 140 F. Supp. 3d 968, 972 (N.D. Cal. 2015). The PAA is not limited to a nuclear power plant meltdown like the Three Mile Island accident. Rather, exposure to radiation on the job and similar circumstances may be a "nuclear incident" for purposes of the PAA. *See*, *e.g.*, *Dumontier*, 543 F.3d at 569 (applying PAA where employees "carelessly left some cesium-137 on a drilling rig" and plaintiffs "later worked on the rig and were exposed").

Plaintiffs do not meaningfully disagree that their claims against Tetra Tech constitute a "nuclear incident" within the purview of the PAA. Tetra Tech said in its brief that the PAA applies because, "[r]egardless of the labels they use, all of Plaintiffs' claims seek compensation for exposure to radioactive material from TtEC's allegedly inadequate radiological remediation and

alleged spread of contaminated dust containing radiation." Dkt. No. 396 at 5. Plaintiffs took no issue whatsoever with this statement or the overall characterization of their claims. Plaintiffs also did not disagree that the PAA applied to all of their claims here. In fact, plaintiffs forthrightly agreed that, even if they had pleaded a "nuclear incident," defendants were probably right that plaintiffs "have not presented evidence sufficient to meet the standards of a 'nuclear incident' to state a public liability action," and so there "is no public liability action" under the PAA. Dkt. No. 405 at 22. The upshot of this candor is that all of plaintiffs' claims against Tetra Tech must be treated as a public liability action arising under the PAA. *See Dumontier*, 543 F.3d at 569 (affirming district court's grant of defendant's motion to "replace [plaintiffs' claim under Montana law] with a federal cause of action under the Price-Anderson Act, 42 U.S.C. § 2014(hh)").

### B.      The PAA And Summary Judgment

The PAA "imposes two independent limits on claims based on exposure to radioactive materials." *Dumontier*, 543 F.3d at 570. Plaintiffs "can bring such claims only if the state where the exposure occurred provides a cause of action," with this limitation coming from the Act's reference to "state 'substantive rules for decision.'" *Id*. (quoting 42 U.S.C. § 2014(hh)). "In addition, the Act prohibits recovery when plaintiffs haven't suffered 'bodily injury, sickness, disease or death' -- even when the state cause of action doesn't have that limitation." *Id*. In other words, Section 2014(hh)'s "preemption clause -- which bars causes of action that are 'inconsistent with the provisions of' the Act," prohibits any recovery for exposure to radioactive materials where plaintiffs did not suffer "bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property." *Id*.; *see also* 42 U.S.C. § 2014(q). To conclude otherwise would be contrary to the Act's design, which was "to safeguard the nuclear industry from expansive liability under state law." *Dumontier*, 543 F.3d at 570.

Tetra Tech says that plaintiffs cannot prevail on a public liability claim because their property value diminution theory is not within the types of injury covered under the PAA in 42 U.S.C. § 2014(q). Tetra Tech notes that plaintiffs have expressly "disclaim[ed] physical injury here." Dkt. No. 396 at 6 (citing Ex. G (2025 Joint Stipulation) at ¶¶ 1.b, 1.c). Tetra Tech also says that plaintiffs have failed to "adduce[] facts that show any physical harm to their property

from TtEC's work," and so plaintiffs cannot show "either damage to property or loss of use of property under the PAA." *Id*. at 7.

Once again, plaintiffs take no issue with these statements. They fully acknowledge that they have disclaimed physical injury to themselves or to their properties. *See* Dkt. No. 405 at 22 ("Defendants themselves argue that 'Plaintiffs disclaim physical injury,' so that prerequisite it not met"). Consequently, on this undisputed record, plaintiffs cannot recover under the PAA because they have not suffered any injury that falls under the scope of 42 U.S.C. § 2014(q), *i.e.*, "bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property."

Although this is enough to warrant summary judgment in favor of Tetra Tech, a few additional observations are warranted. To start, plaintiffs' suggestion that Tetra Tech has waived the PAA as a basis for summary judgment is not well taken. To be sure, the Court shares plaintiffs' frustration with why Tetra Tech kept this theory in its pocket for so long in this expensive and time-consuming litigation. Even so, waiver is a severe sanction, and Tetra Tech did just enough to avoid it. As plaintiffs acknowledge, Tetra Tech "raised preemption as an affirmative defense by referring to 'federal statutes and regulations, including those governing exposure to hazardous substances.'" Dkt. No. 405 at 23-24. This is hardly a plain assertion of the PAA as a defense, but it is enough of a doorstop to keep the way open. In addition, "[i]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019). Plaintiffs made no effort to demonstrate prejudice beyond the fact that Tetra Tech surprised them with an "obscure legal theory" based on a "seldom-litigated statute," which, if raised earlier, could have saved both sides from years of litigation. Dkt. No. 405 at 24-25. Raising a defense late is not prejudicial simply because it "'would have been dispositive' if asserted 'when the action was filed.'" *Garcia*, 918 F.3d at 1008-09 (citation omitted).

Plaintiffs' search for a lifeline in an out-of-circuit case is also unavailing. Plaintiffs heavily feature *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1095-96 (10th Cir. 2015), where the Tenth Circuit concluded that "when a nuclear incident is alleged but unproven," the plaintiffs may proceed with their state law claims for "lesser nuclear occurrences" that do not rise to the level of

7

"larger nuclear incidents subject to the Act's limitations and benefits." The problem for plaintiffs is that this determination is contrary to the law of this circuit. As our circuit has concluded:

> Plaintiffs argue that if the harm they suffered isn't on the section 2014(q) list, the Act simply doesn't apply, and their state claims aren't preempted. But we held in *Phillips*, 534 F.3d at 1009-10, that *any* suit seeking compensation for a nuclear incident is preempted by the Act. *See also Golden v. CH2M Hill Hanford Group, Inc.*, 528 F.3d 681, 683 (9th Cir. 2008). Plaintiffs claim compensation for exposure to radioactive material, so they can only recover if they meet the requirements of the Act.

*Dumontier*, 543 F.3d at 571 (emphasis in original).

Plaintiffs try to sidestep this by suggesting that *Cook* "dispose[d] of *Dumontier* and *Golden*." Dkt. No. 405 at 21. What that might mean is entirely unclear. *Cook* was a decision by the Tenth Circuit, which can no more "dispose" of binding Ninth Circuit precedent than this Court can.

### CONCLUSION

Tetra Tech is entitled to judgment as a matter of law that plaintiffs cannot recover against them pursuant to the Price-Anderson Act. Fed. R. Civ. P. 56(a); 42 U.S.C. § 2014(hh). The Court declines to reach defendants' alternative arguments for summary judgment, and plaintiffs' request for judicial notice is terminated as moot. Dkt. No. 406.

Judgment will be entered for defendants and the case closed.

**IT IS SO ORDERED.**

Dated: August 4, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

8