JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
BLAIR V. KITTLE (SBN 336367)
bkittle@cpmlegal.com
PIERCE H. STANLEY (SBN 352152)
pstanley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiffs*

ERIC H. GIBBS (SBN 178658)
ehg@classlawgroup.com
ANDRE M. MURA (SBN 298541)
amm@classlawgroup.com
JEFFREY B. KOSBIE (SBN 305424)
jbk@classlawgroup.com
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Attorneys for Plaintiffs*

BRADLEY R. BOWLES (SBN 202722)
bbowles@bowlesverna.com
BOBBY J. OCHOA III (SBN 361173)
bochoa@bowlesverna.com
**BOWLES & VERNA LLP**
2121 N. California Boulevard, Suite 875
Walnut Creek, CA 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**LINDA PARKER PENNINGTON, et al.,**

Plaintiffs,

v.

**TETRA TECH, INC., et al.,**

Defendants.

**Case No.: 3:18-cv-05330-JD**

***PENNINGTON* PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

# *PENNINGTON* PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

By and through counsel, Plaintiffs respectfully object to each item of Defendants' Bill of Costs and request that the Court exercise its discretion under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 to deny Defendant's Bill of Costs for the following reasons.

## I. BACKGROUND

The *Pennington* Plaintiffs filed the first complaint in the Parcel A litigation on July 24, 2018. Defendants waited 7 years, 1 month and 294 days, until September 22, 2025, before asserting that all of Plaintiffs' claims were preempted under the Price Anderson Act. As noted by Judge Donato in his Order on Defendants' Motion for Summary Judgement, "a considerable amount of the parties' time and money might have been saved if Tetra Tech had raised the legal defense of the PAA much earlier in this case." (MSJ Order at 3:23-25)

Defendants seek to recover $129,326.21 in costs, comprising:

(a) $124,818.08 for costs associated with depositions;

(b) $3,730.50 for items asserted to be related to service of process; and

(c) $806.25 for costs asserted to be related to "Disclosure"

None of these claimed costs should be allowed as they either (1) were only incurred as a result of inexcusable delay on the part of Defendants in asserting the PAA as a dispositive defense, or (2) do not appear to be costs legitimately associated with the litigation involving the *Pennington* plaintiffs, or both.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Association of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs. Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

## III. DISCUSSION

### A. Costs asserted for Depositions

Plaintiffs Object to the costs claimed in section (c) of Defendants' bill of costs.

Defendants put forth bills associated with 38 depositions, all of which took place in 2024 or 2025, and ask that this Court order Plaintiffs to pay $124,818.98 to compensate Defendants for their yearslong delay in asserting the dispositive PAA defense. This Court should decline to do so.

As noted in ¶ 13 of the Declaration of the Defendants' attorney in support of their bill of costs, pursuant to *Golden v. CH2M Hill Hanford Group, Inc.*, 528 F.3d 681 (9th Cir. 2008), the Defendants could have raised the PAA defense 7 years earlier in a motion to dismiss. This Court should exercise its discretion to reject these costs as unnecessarily incurred and refuse to reward Defendants for engaging in extreme delay.

The Court should thus deny the costs claimed in section (c) in their entirety.

### B. Costs asserted for Service of Process

Plaintiffs object to the costs claimed in section (a) of Defendants' bill of costs.

Defendants put forth 14 bills asserted to be related to service of process, solely reflecting charges that occurred in 2023 or later, years after Defendants could have asserted their PAA defenses. The Court should refuse to award costs on these items to avoid rewarding Defendants for their inexcusable delay.

Separately, the Court should also deny all the costs sought on this section, because the costs claimed do not appear to have any relation to the *Pennington* case. None of the individuals or entities served were part of the *Pennington* case, nor did Defendants put forth any explanation about why these individuals and entities were served in connection with the *Pennington* case in the declaration accompanying their Bill of Costs. Defendants merely produce a smattering of bills and declare that they are true and correct. Plaintiffs cannot explain why these entities were served, because Plaintiffs believe these entities had nothing to do with the *Pennington* case.

The Court should thus deny the costs claimed in section (a) in their entirety.

**C. Costs asserted for Reproduction, Exemplification**

Plaintiffs Object to the costs claimed in section (d) of Defendants' bill of costs.

Defendants put forth 4 bills asserted to be related to "bates stamping" and "preparation of facts sheets" again solely reflecting charges that occurred in 2023 or later, years after Defendants could have asserted their PAA defenses. The Court should refuse to award costs again to refrain from rewarding Defendants for their inexcusable delay.

The Court should thus deny the costs claimed in section (d) in their entirety.

## IV. CONCLUSION

On balance of the equities in this matter, Plaintiffs respectfully requests that the Court exercise its sound discretion and refrain from taxing any costs asserted by the delaying Defendants against Plaintiffs in this matter.

Dated: September 1, 2026

**COTCHETT, PITRE & MCCARTHY. LLP**

**By:** */s/ Blair V. Kittle*

ANNE MARIE MURPHY
BLAIR V. KITTLE
PIERCE H. STANLEY
*Attorneys for Plaintiffs*

Dated: September 1, 2026

**BOWLES & VERNA**

**By:** */s/ Bradley R. Bowles*
BRADLEY R. BOWLES
BOBBY J. OCHOA III
*Attorneys for Plaintiffs*

Dated: September 1, 2026

**GIBBS MURA LLP**

**By:** */s/ Andre M. Mura*
ERIC H. GIBBS
ANDRE M. MURA
JEFFREY B. KOSBIE
*Attorneys for Plaintiffs*