MAYER BROWN LLP
DAVINA PUJARI, SBN 183407
CHRISTOPHER A. RHEINHEIMER, SBN 253890
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4230
Facsimile: (650) 331-2060
dpujari@mayerbrown.com
crheinheimer@mayerbrown.com

Attorneys for Defendants
TETRA TECH, INC., TETRA TECH EC, INC.,
and ANDREW BOLT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-05330-JD<br><br>Assigned to Hon. James Donato<br>Courtroom 11<br><br>**DEFENDANTS TETRA TECH, INC., TETRA TECH EC, INC., AND ANDREW BOLT'S REPLY IN SUPPORT OF BILL OF COSTS** |

## I. INTRODUCTION

Defendants Tetra Tech, Inc., Tetra Tech EC, Inc., and Andrew Bolt (together, "Defendants") respectfully submit this response to Pennington Plaintiffs' Objections to Defendants' Bill of Costs. Dkt 416. Defendants claim costs relating to three recoverable categories: (1) service of process; (2) depositions; and (3) copying and other exemplification costs. Dkt. 415. Plaintiffs oppose, asserting that certain costs were not related to this litigation and that other costs that are related should not be awarded because, Plaintiffs argue, Defendants could have moved for summary judgment on the preemptive reach of the Price-Anderson Act ("PAA") at an earlier point in the litigation. Dkt. 416 at 1-3.

The award of costs to a prevailing party under Federal Rule of Civil Procedure 54(d)(1) is presumed. As courts repeatedly hold, Plaintiffs cannot overcome that presumption by asking the Court to second-guess Defendants' litigation strategy. Indeed, Plaintiffs' implication that Defendants should have raised the fatal flaw in their case sooner attempts to shift to Defendants culpability for *Plaintiffs'* decision to bring the case. And even if the Court were to second-guess Defendants' litigation strategy, discovery was needed to determine whether Plaintiffs could establish a federal claim under the PAA or, in case the Court rejected Defendants' PAA argument, whether Plaintiffs could establish their claims as pleaded. As explained below, Plaintiffs cannot overcome the strong presumption that Defendants are entitled to their requested costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise." Fed. R. Civ. P. 54(d)(1). "'By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party,'" though the court retains discretion to decline to award costs. *Vericool World LLC v. Igloo Prods. Corp.*, 2024 WL 3641380, at *2 (N.D. Cal. July 31, 2024) (quoting *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000)); *see also Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) ("Under Rule 54(d)(1), the 'prevailing party' is presumed to be entitled to an award of costs.").

## III. ARGUMENT

### A. Defendants are entitled to costs asserted for depositions.

Defendants requested costs in the amount of $124,818.98 for 38 depositions. Dkt. 415; Dkt. 415-3. As part of their request, Defendants explained which invoice costs were not included in their request and the reasons for their omission. *Id*. at 1-6. Plaintiffs do not contest that the amount of costs Defendants requested for the depositions is appropriate. Instead, they argue, without citation to any relevant authority, that costs should be denied because Defendants could have raised their PAA defense and resolved the case against Plaintiffs sooner. Objection at 2.

Local Rule 54-3(c)(1) states: "The cost of an original and one copy of any deposition (including videotaped depositions) *taken for any purpose in connection with the case* is allowable." (emphasis added). The plain language of the Rule creates, at the very least, a strong presumption that costs for all depositions are allowable, and the Rule does *not* require that the depositions be tied to any particular motion or even ultimately used in the case.

"The proper inquiry is whether the expenditures were reasonable at the time incurred." *Jackson v. City of Pittsburg*, 2013 WL 3187326, at *2 (N.D. Cal. June 21, 2013). Courts evaluate the necessity from the perspective of a reasonable practitioner at the time of the deposition, not with the benefit of hindsight after judgment has been entered. *See, e.g., In re Williams*, 558 F.3d 1144, 1148 (10th Cir. 2009) (explaining "courts do not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case") (internal quotation marks omitted).

In *Vericool*, the district court rejected the plaintiff's argument that defendant "could have avoided many of the costs incurred had it chosen to bring a motion to dismiss rather than engage in discovery and file a motion for summary judgment." 2024 WL 3641380, at *3. The court explained that in awarding costs under Rule 54(d), the court is not to "micromanage an opposing party's litigation strategy." *Id*. Further, the court "note[d] the oddity of Plaintiff's implication that its case should have been dismissed even earlier than it was." *Id*. The same reasoning applies here: Plaintiffs are not permitted to use an objection to costs to "micromanage" Defendants' litigation strategy. Additionally, Plaintiffs' argument suggests that Defendants should have brought to light

the fatal flaw in their case earlier, but if the flaw was so obvious, then Plaintiffs should never have brought the case and saved the parties' and the Court's time and resources. In any event, Plaintiffs are appealing the Court's judgment (Dkt. 418), so they still contest whether there is any flaw in their case. Defendants' decision to go through discovery cannot in such circumstances be questioned in hindsight in the guise of a costs award.

Other courts are in accord. For instance, the Seventh Circuit rejected an argument that costs should not be awarded because defendant did not raise its dispositive defense until nearly five years after the suit was filed, finding the argument to be "frivolous." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The court explained that "[t]he process for awarding costs is intended to be summary" and the district court should not have to resolve questions regarding whether a party should "have filed a motion to dismiss," "filed its motion for summary judgment earlier," or "need[ed] discovery in order to establish" its defense in determining whether to award costs. *Id*. Applying this rule, a district court has made clear that "the Court should not resolve arguments the losing party makes regarding the winning party's strategy and how it could have reduced its costs." *Cohen-Clancy v, Nat'l R.R. Passenger Corp.*, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012). Similarly, another district court "decline[d] to review the effectiveness of the strategy" of the prevailing party's counsel in using discovery in awarding costs under Rule 54(d). *Withrow v. Cornwell*, 845 F. Supp. 784, 787-88 (D. Kan. 1994). Another district court has explained that discovery "is an inherent part of any civil lawsuit," "a defendant is entitled to discovery," and a plaintiff's argument against a cost award that a defendant should have filed a dispositive motion earlier improperly "attempts to shift the onus of the lawsuit's existence." *Richardson v. Tex-Tube Co,*, 843 F, Supp. 2d 699, 710 (S.D. Tex. 2012).

Plaintiffs' argument is factually misguided in any event. Defendants' summary judgment motion based on the PAA necessarily relied on the discovery taken in the case to establish that Plaintiffs could not prove the elements of a federal claim under the PAA. Dkt. 396 at 6-8. In other words, based on the way Plaintiffs pleaded their complaint, simply establishing that Plaintiffs alleged a nuclear incident under the PAA would not have ended the case. Because the PAA substitutes a federal cause of action in such circumstances, discovery was necessary to determine

whether Plaintiffs had evidence of physical harm to persons or property and that they were exposed to radiation in excess of the amount established by federal safety regulations. *See id*. Additionally, Defendants moved for summary judgment on other grounds, arguing among other things that, after discovery, Plaintiffs could not establish a permanent nuisance (*id*. at 9-10), they suffered cognizable negligence harms (*id*, at 10-12), or Defendants intended to supply information to benefit or influence Plaintiffs for purposes of Plaintiffs' misrepresentation claims (*id*. at 13).

### B. Defendants are entitled to costs reproduction and exemplification.

Defendants requested $806.25 for reproduction and exemplification. Dkt. 415; Dkt. 415-4. Plaintiffs' only argument against these costs is that Defendants delayed raising their PAA defense. Objection at 3. For the reasons stated above, the Court should reject that argument.[1]

## IV. CONCLUSION

For these reasons and those identified in the material submitted with Defendants' Bill of Costs, Defendants respectfully request an award of the requested deposition and reproduction costs in their favor, in the amount of $125,625.23.

DATED: September 8, 2026

Respectfully submitted,

MAYER BROWN LLP

By: */s/ Christopher A. Rheinheimer*
Davina Pujari
Christopher A. Rheinheimer

Attorneys for Defendants TETRA TECH, INC., TETRA TECH EC, INC., and ANDREW BOLT

[1] Plaintiffs also object to Defendants' requested costs relating to service of process in the amount of $3,730.50, asserting that the costs do not relate to the *Pennington* case. Without conceding the argument, given the small amount at issue, Defendants withdraw the requested service of process costs.